STATE OF NORTH CAROLINA v. BILLY RAY BELK

No. 7220SC759

(Filed 20 December 1972)

1. **Automobiles § 127— drunk driving case — sufficiency of evidence**
     The trial court properly denied defendant's motion for nonsuit in a drunk driving case where State's evidence tended to show that an officer observed defendant operating a truck, backing it from a position in a ditch onto the street, that the officer observed that defendant was unsteady on his feet and smelled of alcohol and that defendant admitted to the officer that he had been drinking.

2. **Criminal Law § 163— failure to except to jury instructions**
     Assignment of error to jury instructions which is not supported by an exception set out in the record will not be considered by the Court on appeal. Court of Appeals Rule 21.

APPEAL by defendant from *Godwin, Judge,* 5 June 1972 Session of Superior Court held in UNION County.

The defendant, Billy Ray Belk, was charged in a warrant, proper in form, with operating a motor vehicle upon a public highway while under the influence of an intoxicating beverage. Upon the defendant's plea of not guilty, the State offered evidence tending to show that at about 2:30 a.m. on 15 January 1972, Officer Joe Moore of the Monroe Police Department saw

the defendant operating a truck at the intersection of Windsor and Saco Streets in the town of Monroe. When the officer first saw the truck, the left wheels were on the pavement of Windsor Street and the right wheels were in a ditch. Officer Moore testified:

> ". . . The vehicle was moving and backing up. The vehicle moved approximately 30 feet. It backed out of the ditch with the right front wheel in the ditch. It backed out of the ditch into Saco Street. The entire vehicle was in the street."

Officer Moore went to the vehicle and found the defendant sitting behind the steering wheel. Officer Moore testified:

> ". . . The defendant stepped out of the vehicle when I asked him to. The defendant was unsteady on his feet, staggery, and had to lean against the truck for support. I also smelled alcohol which was very strong. He walked about four feet to lean against the truck. . . . I also asked him if he had been drinking. He admitted to his drinking."

Officer Moore testified that in his opinion, defendant was under the influence of some intoxicating beverage. The defendant refused to take the breathalyzer test.

Defendant testified that on 15 January 1972 he was a passenger in his truck being operated by Everette Carpenter when the truck became stuck in a ditch. While Carpenter went to telephone his wife, the defendant and three other men lifted the truck out of the ditch and moved it about three or four feet. Defendant denied operating the vehicle at any time but admitted that he had been drinking.

The defendant was found guilty. From a judgment imposing a prison sentence of six months, suspended on condition that defendant pay a fine of $250.00, pay the costs, and not operate a motor vehicle for eighteen months, defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Richard B. Conely for the State.*

*John G. Plumides for defendant appellant.*

HEDRICK, Judge.

[1]    Defendant assigns as error the denial of his motion for judgment as of nonsuit. The record discloses the following at the close of the State's evidence:

"MR. PLUMIDES: We make motion at the close of the State's Evidence, if your Honor pleases.

COURT: Overruled."

No exception appears in the record to any of the rulings of the trial judge. Nevertheless, we have carefully reviewed the record and find there was plenary, competent evidence to require submission of this case to the jury and to support the verdict.

[2]   The defendant, by his second assignment of error, contends the Court erred in its instructions to the jury. This assignment of error is not supported by an exception set out in the record and will not be considered. Rule 21, Rules of Practice in the Court of Appeals of North Carolina.

The defendant had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge MORRIS concur.